UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CEONA PTE LTD.,                              :        16cv4437
                                             :
              Petitioner,                    :        OPINION & ORDER
                                             :
       -against-                             :
                                             :
BMT GIANT, S.A. DE C.V.,                     :
                                             :
              Respondent.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

      Petitioner Ceona Pte. Ltd. ("Ceona") seeks confirmation of an arbitration award against Defendant BMT Giant, S.A. de C.V. ("BMT"), dated May 2, 2016. Petitioner's motion is granted.

## BACKGROUND

      Ceona, owner of the vessel M/V Blue Giant (the "Vessel"), and BMT are parties to a Supplytime 2005 Charter Party Agreement (the "Charter Party"). Under the Charter Party, BMT chartered the Vessel at various times to service the off-shore oil industry in the Gulf of Mexico.

      On May 27, 2014, Ceona commenced an arbitration proceeding against BMT to recover outstanding amounts owed under the Charter Party, including unpaid hire and general non-hire claims totaling $5,088,825. The arbitration panel consisted of three arbitrators (the "Panel"). On May 2, 2016, the Panel rendered a final award in the aggregate amount of $4,675,090.66 to Ceona (see ECF No. 1-1 ("Final Award").). The aggregate sum consisted of (1) an award in the amount of $3,108,298.27 previously awarded in a partial final award ("Partial Award") dated June 26, 2015; (2) unpaid charter hire for six days in June 2011 in the amount of

$376,440; (3) interest on unpaid hire at 8% per annum in the amount of $1,046,929.76; and (4) reimbursement of legal fees in the amount of $143,422.63.

Ceona now seeks (1) this Court's confirmation of the Final Award; (2) interest on the principal amount accruing from the date of the Final Award; (3) interest on any judgment confirming the award at the rate allowed by law; (4) attorneys' fees and costs incurred in bringing the underlying petition; and (5) any other relief that this Court deems just and proper.

## DISCUSSION

### I. Confirmation of the Award

Arbitration awards "are not self-enforcing, [so] they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (citation omitted). "[J]udicial review of an arbitration award is narrowly limited," Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120 (2d Cir. 1991), and the court is required to grant a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11]." 9 U.S.C. § 9. Moreover, an "arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny." Yusuf Ahmed Alghanim & Sons v. Toys 'R' Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997) (internal citations and quotation marks omitted).

An unopposed petition to confirm an arbitration award is tantamount to a motion for summary judgment. See D.H. Blair, 462 F.3d at 109–10. Therefore, the petition will fail only if "the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair, 462 F.3d at 110 (internal quotation marks omitted).

2

The record in this action is fully supported by a detailed, reasoned Final Award recounting the history of the arbitration proceeding that spanned nearly two years. Prior to issuing the Final Award, the Panel rendered two separate Partial Awards in October 2014 and June 2015. The October 2014 Partial Award dismissed Ceona's request for the entirety of its charter hire claim because of an existing disagreement between the parties about the matters in dispute. (Final Award Appx. A at 3.) The June 2015 Partial Award awarded $3,108,298.27 to Ceona for unpaid hire, an amount acknowledged by BMT during the proceedings. (Final Award Appx. B at 2.)

The Final Award resolved the remaining claims: (1) BMT's claim for fuel consumed during an agreed period of maintenance in the amount of $65,534; (2) Ceona's claim for six days of hire in June 2011 for $376,440; (3) Ceona's claim for interest on unpaid hire from December 2013, January–February 2014, and June 2011; and (4) BMT's counterclaim for damages arising from an accident in the Gulf of Mexico in the amount of $3,938,398.

The Panel considered and dismissed BMT's claim for fuel consumed during a six-day maintenance period on the basis that the Charter Party defines such periods as "on-hire periods" during which the charterer—BMT—is obligated to provide and pay for all fuel. (Final Award at 4.) Second, BMT claimed Ceona was not entitled to six days of unpaid hire in 2011 because it was not the proper owner of the ship during the relevant period. However, the Panel unanimously held that Ceona was entitled to payment because a novation agreement revealed a transfer of ownership of Blue Giant to Ceona during that period. (Final Award at 5.) Third, the Panel granted Ceona's claim for 8% interest per annum on outstanding amounts for unpaid hire owed by BMT, holding that the Charter Party "provides for the assessment of interest of 8% p.a. from the date hire was due until payment is received." (Final Award at 5.)

Finally, a majority of the Panel dismissed BMT's $3.9 million counterclaim alleging that an indemnity clause of the Charter Party obligated Ceona to pay for the damages arising out of a collision in the Gulf of Mexico. Although BMT claimed that it incurred the costs of repairing the Vessel, the Panel held that the documentation was insufficient "to support [BMT's] claim for indemnification from Ceona," and that there was "simply no credible evidence to support" the claim that BMT was charged for the costs of repair.

The Panel's decision exceeds the colorable justification needed to substantiate its award in favor of Ceona. Indeed, the Panel considered both parties' arguments and submissions, and rendered a reasonably thorough decision. Accordingly, Ceona's motion to confirm the arbitration award is granted.

II. Pre-Judgment and Post-Judgment Interest

Ceona requests "interest on the principal amount of the award accruing from May 2, 2016 until the date that judgment [in this action] is entered" as well as "interest thereafter at the rate allowed by law." (Pet. Memo of Law at 4 (ECF No. 4).) The decision to "grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." SEIU v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In the Second Circuit, there is a "presumption in favor of prejudgment interest," Waterside Ocean Navigant Co. v. Int'l Navigation Ltd., 737 F.2d 150, 154 (2d Cir. 1984), and the " 'common practice' among courts in [this Circuit] is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law." Herrenknecht Corp. v. Best Road Boring, No. 06-cv-5106 (JFK), 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007). The Court finds it appropriate to grant pre-judgment interest in this action.

Ceona also seeks post-judgment interest. 28 U.S.C. § 1961 provides that

4

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). "Awards of post-judgment interest under § 1961 are mandatory, and apply to actions to confirm arbitration awards." Tr. for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc., 15-cv-6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (citations omitted).

Accordingly, Ceona is granted pre-judgment interest from May 2, 2016 until the date of this judgment, and any post-judgment interest that may accrue until payment is made.

III.   Attorneys' Fees

Ceona's attorneys also seek payment of the costs and fees incurred in bringing the petition. There is no statutory or contractual basis for such an award in this case, and the so-called American rule dictates that the "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Hirschfield v. Bd. of Elections in City of New York, 984 F.2d 35, 40 (2d Cir. 1993) (internal quotation marks and citation omitted). However, a "district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Eisemann v. Greene, 204 F.3d 393, 395 (2d Cir. 2000) (citation omitted). Moreover, in the context of a petition to confirm an arbitration award, the Second Circuit has held that an award of attorneys' fees is permissible when "the party challenging the award has 'refuse[d] to abide by an arbitrator's decision without justification.'" First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Empl. Union, Local 228, 118 F.3d 892, 898 (2d Cir. 1997) (citation omitted).

5

BMT failed to satisfy the Final Award, and has not responded to Ceona's petition in this action. In short, BMT "has offered no justification for refusing to comply with the decision of the arbitrator." Herrenknecht, 2007 WL 1149122, at *4. As such, an award of attorneys' fees and costs incurred in bringing this action is justified.

However, Ceona has not submitted any affidavit or other documentation, such as attorney time records, setting forth the specific fees and costs incurred in obtaining confirmation of the award. Absent such support, the Court cannot determine whether Ceona's request for reimbursement of fees and costs is reasonable. Accordingly, Ceona's application for fees and costs is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Ceona's motion to confirm the arbitration award is granted in part. The Clerk of Court is directed to enter judgment in the amount of $4,675,090.66, plus pre-judgment calculated at 9% per annum and post-judgment interest at the rate specified in 28 § 1961. Ceona's application for attorneys' fees and costs is denied without prejudice.

Dated: October 19, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.